IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:06-60 |
|---|---|---|
| v. | ) | **OPINION and ORDER** |
| Tony Allen McCoy, | ) | |
| Defendant. | ) | |

This matter is before the court pursuant to a letter from Defendant filed December 27, 2012, wherein Defendant requests this court reduce his sentence. ECF No. 1113. The court has construed Defendant's letter as a motion for reduction of sentence.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on November 16, 2006, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion is well past. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

Apart from Rule 35(a), a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582 or 18 U.S.C. § 3742.

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c) (the court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, (2) upon motion of the government for substantial assistance, or (3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent

lowering of the applicable sentencing range.). None of these circumstances applies to Defendant.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. Defendant did not appeal his conviction or sentence.

Defendant's motion does not allege that any of these circumstances applies; rather, Defendant seeks reduction of his sentence because his sister is "not doing good," and because he is "really sorry for the thing I did." Mot. at 1. Because none of the above-listed circumstances applies to Defendant's motion, Defendant's motion is dismissed for want of jurisdiction.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 2, 2013